# J. N. Hamilton, Plff. in Err., *v.* John W. Huston et al.

Where land is sold with covenant against encumbrances, and the pur-
chaser, after a sale thereof on execution to satisfy a prior judgment against
the vendor, takes an assignment of the judgment and proceeds by scire
facias to revive it against the vendor, the latter cannot make defense, on
the ground that the judgment was satisfied and, therefore, the purchaser
took nothing under the assignment, or that the purchaser should have set
off the judgment against another judgment obtained by the same execution
creditor on a bond given by vendee for the purchase price.

(Decided October 26, 1885.)

Error to the Common Pleas of Indiana County to review a
judgment for plaintiff in scire facias proceedings to revive a
judgment. Affirmed.

Huston sold land to Hamilton, and took back bill for pur-
chase money secured by a mortgage, upon which judgment was
afterwards obtained which was a lien on other lands owned by
Hamilton. Afterwards, Hamilton sold such other land to Cross-
man and Goss, with covenant against encumbrances, and took
back judgment bonds secured by mortgage for the purchase
price. Huston's judgment was assigned to the Indiana County
Deposit Bank, and the land sold by Huston to Hamilton was
levied on and sold by virtue thereof; but not enough was realized
at the sale to satisfy it. Hamilton assigned the judgment notes
obtained from Crossman and Goss to the Indiana County De-
posit Bank, and, not being paid at maturity, judgment was
entered thereon; but execution was stayed, on application of
Crossman, showing Huston's judgment against Hamilton to be
a prior lien. The land was sold on the Huston judgment, which
was satisfied by the proceeds of sale, and assigned by the In-
diana County Deposit Bank to Crossman, who issued a scire
facias to revive it against Hamilton, which was defended by
Hamilton on the ground that the judgment was paid, and so
Crossman took nothing by the assignment. The common pleas
decided in favor of Crossman, and Hamilton brought error.

*J. N. Banks,* for plaintiff in error.—Vendee of land, with
covenant of warranty, should offset judgment against his vendor
against judgment against himself on bond given for purchase

price obtained by same execution creditor. Harper v. Jeffries, 5 Whart. 26.

The assignee of a bond takes it subject to all the equities of the obligor against the obligee. Eldred v. Hazlett, 33 Pa. 307; Deen v. Herrold, 37 Pa. 150.

When a surety has the means of payment in his own hands, and refuses or neglects to make the due application of it, he cannot be suffered to come in on the other estate of the principal by way of subrogation. Neff v. Miller, 8 Pa. 351.

Nor is he in a position to invoke the equitable principle that, where a creditor has a lien on two funds, and another creditor has a lien on only one of the funds, the former may be compelled to levy his debt out of the fund to which the latter cannot resort; or, if the former takes his money out of the fund on which, alone, the latter has a lien, he may to that extent be subrogated to the rights of the former as against the other fund. "This equitable principle does not apply except in cases where both funds are in the hands of the common debtor of both creditors," which is not the case here. Conser's Appeal, 11 W. N. C. 220.

*J. A. C. Ruffner,* for defendants in error.—A purchaser who pays a judgment against his vendor is entitled to subrogation as to the remaining land of the vendor. Re McGill, 6 Pa. 504; Champlain v. Williams, 9 Pa. 341.

Actual payment discharges a judgment at law, but not in equity, if justice requires the parties in interest to be restrained from alleging it or insisting on their legal rights. Fleming v. Beaver, 2 Rawle, 128, 19 Am. Dec. 629; McCormick v. Irwin, 35 Pa. 111.

PER CURIAM:

We discover no error in this judgment. The plaintiff in error shows no equity to assert against his vendee. The latter was entitled to a conveyance of the land free of all liens against the vendor. The covenant of the vendor was broken. The vendee was not bound to set off the Huston judgment against his own, after he had guaranteed the payment thereof to the bank. Had he done so, he would thereby have become liable for an equal amount to the bank, and, hence, would have been in no better condition. The obligation to protect him justly rests on the

plaintiff in error, and he is not in a position to resist the method pursued for its enforcement.

Judgment affirmed.